IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

         Plaintiff,

v.                                     Case No. 6:92-cr-10096-JTM-1
                                        Case No. 6:16-cv-01166-JTM

PATRICK H. MCGUIRE,

         Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on defendant Patrick McGuire's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. (Dkt. 92). The motion argues that defendant is entitled to be resentenced by virtue of the Supreme Court's ruling in *Johnson v. United States*, 135 S.Ct. 2551 (2015).

Defendant was convicted by a jury on one count of aiding and abetting armed bank robbery, in violation of 18 U.S.C. § 2113(a)&(d) and § 2.[1] He was found not guilty on additional charges of carrying a firearm during and in relation a crime of violence, 18 U.S.C. § 924(c), and unlawfully possessing a firearm after having been convicted of a felony, 19 U.S.C. § 922(g). He was sentenced to 25 years imprisonment, three years of supervised release, and restitution of $67,212. The sentence was ordered to run consecutively to a 25-year sentence imposed by a federal district court in Wisconsin. Judgment was entered on September 3, 1993. Dkt. 52.  Shortly thereafter, defendant was

---

[1] The Government's theory of the case was that defendant helped two accomplices plan the robbery, acted as a lookout during the robbery, and then drove the getaway car when the accomplices, one of whom was armed, came out of the bank with the money.

also sentenced to life imprisonment by a federal district court in Missouri.  Defendant's conviction in the instant case was affirmed on direct appeal. *United States v. McGuire*, 27 F.3d 457 (10th Cir. 1994).

Defendant filed his § 2255 motion on May 31, 2016. In it, he erroneously asserts that he was convicted in this case not only of bank robbery but also of carrying a firearm during a crime of violence under 18 U.S.C. § 924(c).[2] The motion asserts that defendant was given consecutive terms on his robbery and § 924(c) counts, that the consecutive term is "premised upon a finding [that] the Bank Robbery is violent" under § 924(c)(3)(B), that the foregoing section is invalid in light of *Johnson*, and that "Movant's 924 C conviction must be set aside … as the enhancement was founded upon 18 U.S.C. § 924(c)(3)(B)." Dkt. 92 at 3-4.

As the Government points out in its response, defendant was not convicted of violating § 924(c) in this case and was not sentenced under that provision. Accordingly, the court denies the relief requested in his motion.

A review of the Presentence Report shows that defendant's sentencing guideline range was enhanced pursuant to guideline career offender provisions, based in part on a finding that the instant bank robbery offense was a "crime of violence." PSR § 27

---

[2] Defendant's confusion may be understandable: according to the Presentence Report, he was involved in eight different robberies between May 1989 and December 1990. The PSR shows that in December of 1990, defendant was convicted in a Wisconsin federal district court of armed bank robbery and using a firearm during a crime of violence. PSR ¶42.  During that robbery, after being told by a bank teller that the vault was on a timer and could not be opened, defendant held a firearm to the teller's head and threatened to "blow her brains out" if she did not open it. *Id.* The court notes that in defendant's Wisconsin case, he filed a § 2255 motion identical to the instant one. *See United States v. McGuire*, No. 90-cr-218-2 (E.D. Wis.), Dkt. 38. That motion was recently denied. *McGuire v. United States*, No. 16-cv-640-pp, 2016 WL 4289189 (E.D. Wis., Aug. 15, 2016).

(*citing* U.S.S.G. § 4B1.1(B)). Construing defendant's motion liberally, it arguably challenges whether his bank robbery conviction can be considered a crime of violence under the guidelines after *Johnson*.

Even assuming for purposes of this motion that *Johnson* would retroactively prohibit enhancing a sentencing guideline range based on an offense that qualified as "violent" only because of the "residual clause" in U.S.S.G. § 4B1.2(1)(ii),[3] defendant's conviction under § 2113(a) does not fall into that category. As an initial matter, the application notes to U.S.S.G. § 4B1.2 specifically stated that "robbery" qualified as a crime of violence. When an offense is specifically enumerated as a crime of violence, the court ordinarily compares the elements of the crime of conviction to the generic form of the offense to determine whether the conviction qualifies as a crime of violence. *See United States v. Castillo*, 811 F.3d 342, 345 (10th Cir. 2015). Generic robbery is the unlawful taking of property from another person or from the immediate presence of another by force or intimidation. *United States v. O'Conner*, 2016 WL 4273199, *4 (D. Kan. 2016). The robbery component of § 2113(a) matches up with all of the foregoing elements, and is thus a crime of violence under U.S.S.G. § 4B1.2. It is true that § 2113(a) also includes what is essentially a separate extortion offense, but that makes no difference here. Not only was "extortion" also enumerated in the list of violent crimes in U.S.S.G. § 4B1.2, n.2, but the indictment and jury instructions confirm that defendant

---

[3] The 1989 Guideline Manual applied at defendant's sentencing defined "crime of violence" in part as one that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" [emphasis added to residual clause]. Application notes stated that the term "violent crime" includes the offense of aiding and abetting such offenses, and that the term includes robbery. U.S.S.G. § 4B1.2, n. 1 & 2 (1989).

was charged with and convicted of the provision constituting generic robbery, not the extortion provision. *See Descamps v. United States*, 133 S.Ct. 2276, 2284 (2013)  (if statute sets out elements of the offense in the alternative, the court uses the "modified categorical approach" and looks to the charging papers and jury instructions to determine which elements formed the basis of the conviction).[4]

Aside from the fact that robbery was specifically listed as a violent offense, bank robbery qualifies as such under the "force clause" of § 4B1.2(1)(i), because the use or threatened use of force is an element of the offense. The only potential question on that point is whether a taking by "intimidation" qualifies as a threatened use of force, but the courts have unanimously held that it does, both before and after *Johnson*. *See Kucinski v. United States*, 2016 WL 4444736, *3 (D. N.H. 2016) ("Since *Johnson*, a number of courts have … determined – unanimously, it appears – that federal bank robbery constitutes a violent felony under the ACCA" and similar provisions);  *United States v. McBride*, ___F.3d___, 2016 WL 3209496, *2 (6th Cir. 2016) (a taking by intimidation involves the threat to use physical force);  *United States v. Jenkins*, 2016 WL 3101281, *4 (11th Cir. 2016) ("the threat of bodily harm is sufficient to qualify as the threatened 'use of physical force'"); *McGuire v. United States*, 2016 WL 4289189 (E.D. Wis., Aug. 15, 2016).  *See also United States v. Rogers*, 2014 WL 6977405, *13 (D. Kan. 2014) ("the offense

---

[4] *United States v. McBride*, ___F.3d___, 2016 WL 3209496, *2 (6th Cir. 2016) found that § 2113(a) was also a divisible statute under *Descamps* because it prohibits entering a bank with intent to commit any felony. *McBride*, 2016 WL 3209496 at *3. Assuming that to be so, and that the modified categorical approach must be applied for that reason as well, the conviction here still clearly qualifies as a crime of violence. As noted above, defendant was charged with, and the jury had to find, all of the elements of a generic robbery.

4

of bank robbery, defined in 18 U.S.C. § 2113(a), has as an element the use, attempted use, or threatened use of physical force against the person or property of another").

In sum, defendant was not subjected to any sentence under 18 U.S.C. § 924(c) in this case, and his conviction under § 2113(a) was properly characterized as a crime of violence under U.S.S.G. § 4B1. Accordingly, the record shows he is not entitled to the requested relief.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (*quoting Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For reasons stated above, the court finds that defendant has not satisfied this standard. The court therefore denies a certificate of appealability as to its ruling on this motion.

**IT IS THEREFORE ORDERED** this 25th day of August, 2016, that defendant's Motion to Vacate Sentence under § 2255 (Dkt. 92) is DENIED. The court denies a certificate of appealability as to this order.

___s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE
